**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 5 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BOSS MAN EINSTEIN, also known
as Accountability Burns, on complaint
as Boss Einstein-Burns!,

     Plaintiff-Appellant,

v.

DAN MEDECK, Downtown Y
Building Owner,

     Defendant-Appellee.

No. 98-5042
(N. District of Oklahoma)
(D.C. No. 93-CV-632-B)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This case is before the court on Boss Man Einstein's *pro se* motion to proceed on appeal *in forma pauperis*. The district court dismissed Einstein's 42 U.S.C. § 1983 complaint on the ground it failed to set forth a rational argument on the law or the facts to support [Einstein's] claims." Dist Ct. Order at 1; *See* 28 U.S.C. § 1915 (providing courts "shall dismiss the case at any time" if the court determines the case is frivolous or malicious). Furthermore, in light of its conclusion Einstein's claims were frivolous, the district court denied Einstein leave to proceed on appeal *in forma pauperis*.

This court has reviewed Einstein's appellate pleadings and the entire record on appeal. After that thorough review, this court is convinced the district court did not err in dismissing this case pursuant to § 1915(e). In particular, Einstein's complaint and appellate filings, although difficult to decipher, appear to allege that his landlord violated his civil rights when the landlord evicted Einstein for nonpayment of rent. However, the complaint contains no allegation the landlord was a state actor acting under color of state law. *See West v. Atkins*, 487 U.S. 319, 327 (1988) ("To state a claim under § 1983, a plaintiff must allege a violation of a right secured by the Constitution and laws of the United States, and must show the alleged deprivation was committed by a person acting under color of state law."). Accordingly, Einstein's motion for leave to proceed on appeal *in*

*forma pauperis* is **DENIED** and the appeal is hereby **DISMISSED**.  *See* 28

U.S.C. § 1915(e)(2)(B)(i).

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge